Brewster H. Jamieson, ABA No. 8411122
Michael B. Baylous, ABA No. 0905022
LANE POWELL LLC
301 West Northern Lights Blvd., Suite 301
Anchorage, Alaska  99503-2648
Telephone:   907-264-3325
             907-264-3303
Facsimile:   907-276-2631
Email:       jamiesonb@lanepowell.com
             baylousm@lanepowell.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| INDEPENDENT BANK OF TEXAS,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>MARINE LENDERS SERVICES, LLC,<br><br>　　　　　　　　　　Defendant. | Case No. 3:13-cv-_____<br><br>**COMPLAINT** |

COMES NOW, Plaintiff Independent Bank of Texas ("Plaintiff"), by and through counsel, and for its complaint against Defendant Marine Lenders Services, LLC ("Defendant") states and alleges as follows:

**PARTIES**

1.　　Plaintiff is a state-chartered bank created under the laws of the State of Texas with its principal place of business in Irving, Texas.

2.　　Defendant is a limited liability company organized under the laws of the State of Washington.  Defendant has its principal place of business in the State of Washington and does not have a registered agent for service of process in the State of Alaska.  Service of process on Defendant may be made according to the laws of the State of Washington pursuant to Rule 4(h) of the Federal Rules of Civil Procedure by serving its registered agent Robert A. Green at 1900 W. Nickerson Street, # 203, Seattle, WA 98119.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000.00, excluding interest and costs.

4. Venue is proper in this district under 28 U.S.C. § 1391(a)(1) and (b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district. That is, the damage to the Vessel made the subject of this suit, along with the acts and omissions of Defendant giving rise to Plaintiff's claims, occurred in this district.

## FACTUAL BACKGROUND

5. Plaintiff was the holder of a preferred marine mortgage on the vessel known as the JANICE RUTH II, Official Number 1116444 (the "Vessel"). The Vessel was the collateral for a loan. When the borrower defaulted on the loan, Plaintiff initiated proceedings to arrest and foreclose on the Vessel by filing a complaint in the United States District Court for the District of Alaska styled, *Independent Bank of Texas v. M/V JANICE RUTH II, Official Number 1116444, her engines, gear, tackle, and appurtenances, In Rem, and THE MARTHA REYNOLDS TRUST, In Personam*, and assigned Cause No. 3:11-cv-00128 TMB-JDR (the "Arrest Action").

6. In connection with the arrest of the Vessel, Defendant agreed to accept custody of the Vessel and to ensure the adequate and proper safekeeping of the Vessel. Accordingly, on or about June 16, 2011, the Court in the Arrest Action issued an Order appointing Defendant as Substitute Custodian of the Vessel and ordered that Defendant "shall see to, and be responsible for, the safekeeping of the defendant vessel." Additionally, as the Substitute Custodian of the Vessel, Defendant had the duty, among other things, to "ensur[e] that there [was] adequate, safe moorage for the defendant vessel."

7. Since the date Defendant was appointed as the Substitute Custodian of the Vessel, June 16, 2011, Plaintiff relied upon Defendant to protect, maintain, and safeguard the Vessel, and likewise, paid all of Defendant's fees and expenses related to such services. Nonetheless, on the evening of November 30, 2011, the Vessel sank while moored in the harbor at Valdez, Alaska. Immediately after the sinking, a diving and salvage company raised the Vessel, pumped the water out, and transported the Vessel to the shore for storage. Upon investigation, it was determined that the Vessel sank as a result of freeze damage caused by an open valve which

allowed sea water into two separate filters (the "sea strainers") located in the interior hull area of the Vessel.

8. There are openings in the hull of the Vessel to allow sea water to be used to cool the Vessel's two engines, and the sea strainers filter out debris and algae before the sea water enters the engines. The local temperatures for several days leading up to November 30, 2011 (the date the Vessel sank) were below freezing. Consequently, the water in the sea strainers froze, and the expansion of the freezing water ruptured both the sea strainer housings. Once the local temperatures began to warm on November 30, 2011, the ice in the sea strainer housings melted allowing sea water to flood the Vessel and sink it.

9. It was Defendant's responsibility to safeguard the Vessel and protect it from damage caused by freezing. Well before the Vessel sank, Defendant was provided with a winterization checklist for the Vessel and knew it was necessary to maintain heat on the Vessel to prevent freezing. In fact, Defendant specifically represented to Plaintiff that it was maintaining the Vessel as a heated boat in the marina. However, Defendant did not maintain the Vessel as a heated boat, and as a result, the sea strainers froze and the Vessel sank.

10. Plaintiff now brings this suit to recover damages for the loss it has sustained as a result of Defendant's acts and omissions.

## FIRST CLAIM FOR RELIEF - NEGLIGENCE IN SAFEKEEPING THE VESSEL

11. Plaintiff incorporates by reference all of the factual allegations set forth in the preceding paragraphs.

12. Defendant owed a duty to Plaintiff to keep the Vessel in a safe and secure manner so as to protect it from injury from unnecessary deterioration or damage. Defendant breached its duty to Plaintiff by failing to properly winterize the Vessel and by failing to maintain the Vessel as a heated boat in the marina. Defendant's breach of its duty proximately caused injury to Plaintiff, which resulted in damages that well exceed the jurisdictional minimum of the Court.

## SECOND CLAIM FOR RELIEF – NEGLIGENT MISREPRESENTATION

13. Plaintiff incorporates by reference all of the factual allegations set forth in the preceding paragraphs.

14. Defendant, in the course of its business, represented to Plaintiff that it was properly maintaining the Vessel as a heated boat in the marina. However, there was no heat on

the Vessel, and Defendant did not maintain the Vessel as a heated boat. Defendant has extensive experience in maintaining, safeguarding and mooring boats, and as such, Plaintiff justifiably relied upon Defendant's representation that the Vessel was being properly maintained as a heated boat. Defendant's failure to exercise reasonable care or competence in communicating to Plaintiff how the boat was being maintained proximately caused Plaintiff to suffer injuries that resulted in damages that well exceed the jurisdictional minimum of the Court.

## THIRD CAUSE OF ACTION – VIOLATION OF ALASKA'S UTPA

15. Plaintiff incorporates by reference all of the factual allegations set forth in the preceding paragraphs.

16. Defendant violated the Alaska Unfair Trade Practices and Consumer Protection Act (sometimes referred to herein as "UTPA"), including Sections 45.50.471(b)(4), (6), (11) and (12), when it engaged in unfair and deceptive acts in connection with the services it rendered as the Substitute Custodian of the Vessel. As stated above, on or about June 16, 2011, Defendant was appointed as the Substitute Custodian of the Vessel. Plaintiff relied upon Defendant as the Substitute Custodian to protect and safeguard the Vessel and paid all of Defendant's fees and expenses in connection with its services. During the course of providing its services, Defendant represented to Plaintiff that it was properly maintaining the Vessel, including maintaining the Vessel as a heated boat in the marina. However, there was no heat on the Vessel, and Defendant did not maintain the Vessel as a heated boat. As a result of Defendant's misrepresentation, the Vessel sank, and Plaintiff suffered damages in an amount no less than the lost market-value of the Vessel and pollution related clean up fees. Accordingly, Plaintiff seeks a recovery from Defendant for all its ascertainable losses as provided under Section 45.50.531 of the UTPA, including three times its actual damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

1. Judgment against Defendants for compensatory damages in excess of the minimum jurisdictional limit of this Court, including but not limited to, the lost market-value of the Vessel; the pollution related clean-up fees incurred by Plaintiff; all payments made to Defendant in connection with its services as Substitute Custodian, the precise amount thereof to be determined at trial of this matter.

2. Treble damages under Alaska's UTPA;

3. Costs of court, interest, and full reasonable attorney fees incurred in connection with this case; and

4. All such other and further relief as may be equitable and just under the circumstances.

DATED this 26th day of February, 2013.

>LANE POWELL LLC
>Attorneys for Plaintiff
>
>By  s/ Brewster H. Jamieson
>    Brewster H. Jamieson, ABA No. 8411122
>    Michael B. Baylous, ABA No. 0905022